**JUDGE BAER**



08 CV 3457

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CURTIS BLOUNT

                Plaintiff,

    - against -    Index No.

SK/JG LTD. d/b/a THE CATERING COMPANY,
JAMES GILLIAM and SUSAN GILLIAM

                Defendants.
-------------------------------------------------------------x

Plaintiff by his attorneys, the Law Offices of Jonathan Weinberger, as and for his complaint, respectfully allege as follows:

## JURISDICTION AND VENUE

1. This is an action to remedy the failure of defendants to properly pay plaintiff overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 et seq (the "FLSA"), and for violations of the New York State Labor Law.
2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.
3. Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, plaintiff claims failure of defendants to pay wages due and owing, pursuant to the New York State Labor Law §190 et seq., and §652(1); and for failure to pay plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR §142-2.2. Venue lies within this judicial district, as all of the defendant reside or have offices in the Southern District.

## PARTIES

4. Plaintiff is a resident of Bronx County, the State of New York.
5. Defendant SK/JG LTD. d/b/a THE CATERING COMPANY (hereinafter " SK/JG LTD."), on information and belief is a New York corporation incorporated in the State of New York.
6. Upon information and belief, Defendants JAMES GILLIAM and SUSAN GILLIAM (hereinafter "the Individual Defendants") are a residents of New York State, County of New York.
7. Upon information and belief, the Individual Defendants are the sole shareholders of SK/JG

1

LTD.

8. The Individual Defendants are employers and/or individually liable for the remedies sought by plaintiff in this complaint under the FLSA and the Labor Law.
9. Defendants are an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law §§190 et seq.)(652(1)).
10. At all times relevant and material herein, plaintiff was an employee of defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1) and the Labor Law.
11. Defendants are engaged in the business of warehousing of goods traveling across state lines for interstate commerce.
12. Throughout their employment, plaintiff was engaged in services and duties essential to the movement of goods in interstate commerce.

## BACKGROUND FACTS

13. In or about 1997, plaintiff began working for defendants.
14. Defendants fired plaintiff on or about September 17, 2007.
15. At all relevant times, plaintiff reported to the Individual Defendants, who controlled plaintiff's terms and conditions of employment, work schedule, rate of pay, and method of compensation.
16. The Individual Defendants are owners, officers and/or executive directors of SK/JG LTD.
17. During the entire time that plaintiff was employed, he frequently worked in excess of 40 hours per week.
18. Plaintiff's duties included serving at catered events, helping prepare food, loading and unloading trucks and cleaning up.
19. Plaintiff did not possess any managerial responsibilities nor did their positions require discretion or independent judgment.
20. In 2002 and 2003, plaintiff was paid $13 per hour.
21. In 2004 and 2005, plaintiff was paid $14 per hour.
22. In 2006 and 2007, plaintiff was paid $15 per hour.
23. Plaintiff was not paid overtime for in excess of 2,000 hours.
24. Defendants denied Plaintiff time off for meals and breaks in violation of New York State Labor Law 162.2.
25. Defendants did not keep accurate records of the hours worked each day by plaintiff, and the total hours worked each week.
26. During the times that plaintiff served food at events catered by defendants, defendants appropriated tips which should have been paid to plaintiff.
27. Defendants failed to pay plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.
28. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain accurate timesheets and payroll records.

## FIRST COUNT

29. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
30. Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the FLSA for work in excess of forty (40) hours per week.
31. Defendants' failure to pay plaintiff wages and overtime at the rate of time-and-a-half was willful.
32. As a result of the foregoing unlawful and/or wilful conduct on the part of the defendants, plaintiff has suffered and continues to suffer damages.

## SECOND COUNT

33. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
34. During the time that plaintiff was employed, plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2, the Labor Law and applicable regulations.
35. As a result of the foregoing unlawful and/or wilful conduct on the part of the defendants, plaintiff has suffered and continue to suffer damages.

## THIRD COUNT

36. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
37. Defendants misappropriated tips payable to plaintiff, in violation of the FLSA and the Labor Law.
38. Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, plaintiff requests this Court enter a judgement in favor of plaintiff and against defendants:

On The Fair Labor Standards Act Causes of Action
1. Declaring defendants SK/JG LTD. and Kim violated the Fair Labor Standards Act (29 Code USC §201 et seq.) during the period of plaintiff's employment;
2. Declaring defendants' violation of the Fair Labor Standards Act was willful;
3. Awarding plaintiff actual and compensatory damages in the amount shown to be due for wages owed, including but not limited to unpaid overtime compensation, spread of hours pay, tip pay, with interest;
4. Awarding plaintiff an equal amount in liquidated damages; and
5. Awarding Plaintiff costs and reasonable attorneys' fees, and interest, together with such

other and further relief as to the Court seems just and proper.

On the New York State Labor Law Counts:
1. Declaring defendants violated the New York State Labor Law;
2. Restraining defendants from violating the Labor Law;
3. Declaring that defendants' violation of the New York State Labor Law was willful;
4. Awarding plaintiff actual and compensatory damages in the amount shown to be due for wages owed, including but not limited to unpaid overtime compensation, spread of hours pay, tip pay, with interest unpaid overtime compensation, with interest;
5. Finding that defendants' refusal to pay plaintiffs the required correct wages was willful, and awarding plaintiff an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due;
6. Awarding plaintiff reasonable attorney's fees, costs and interest, together with such other and further relief as to the Court seems just and proper.

Dated: New York, New York
April 8, 2008

Law Offices of Jonathan Weinberger
Attorneys for Plaintiff

BY: _____
Jonathan Weinberger (JW-2425)
880 Third Avenue, 13th Fl.
New York, New York 10022
(212) 752-3380